

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. Claude Isbell

Opinion No. O-4520
Re: Interpretation as to the construc-
tion and application of Articles
3134 and 3141, Revised Civil Stat-
utes, concerning representation
in party state and district con-
ventions.

You have requested the opinion of this department on
the construction and application of Articles 3134 and 3141, Re-
vised Civil Statutes of 1925, as they apply to county represen-
tation and voting strength in district and state political party
conventions. Article 3134 provides as follows:

"On the first Saturday after primary election
day for 1926, and each two years thereafter, there
shall be held in each county a county convention
of each party, to be composed of one delegate from
each precinct in such county for each twenty-five
votes, or a major fraction thereof, cast for the
party's candidate for Governor at the last preced-
ing election, which delegates shall be elected by
the voters of each precinct on primary election
day, in such manner as may be prescribed by the
county executive committee at their meeting on
the second Monday in June, which convention shall
elect one delegate to the State and several dis-
trict conventions for each three hundred votes,
or a major fraction thereof, cast for the party's
candidate for Governor in such county at the last
preceding general election; and the delegates to
said convention so elected, or such of them as may
attend the said convention, shall cast the vote
of the county in such conventions. Immediately

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wm. J. Lawson, Att'n: Mr. Claude Isbell, Page 2

upon the adjournment of each such county con-
vention, the president thereof shall make out
a certified list of the delegates to each of
said conventions chosen by such county conven-
tion and shall sign the same, the secretary of
such convention attesting his signature, and
shall forward such certified list by sealed
registered letter to the chairman of the State
and district executive committees, who shall
present the same to the respective committees
at its meeting prior to the convention; and
from such certified list, the respective com-
mittees shall prepare a temporary roll of those
selected as delegates to such convention; pro-
vided, that no proxies shall be allowed to, or
recognized in, any convention held by authority
of this title, where a delegate from the county
is present in the convention."

Article 3141 provides:

"Each county in the State or district con-
vention shall be entitled to one vote for each
five hundred votes, or major fraction thereof,
cast for the candidate for Governor of the
political party holding the convention, at the
last preceding primary election.  In case, at
such primary election, there were cast for
such candidate for Governor less than five
hundred votes in any county, then all such
counties shall have one vote."

We quote from your letter an example given of the
practical working of these two statutes:

"As an example of the strict reading of the
above articles, this situation could, and prob-
ably has arisen in many counties in Texas.  A
county might cast 800 votes in the general elec-
tion, which under Article 3134 would entitle
that county to only three delegates to the State
or district convention, whereas the same county
probably would poll 2000 votes at the primary
election, which would entitle that same county
to four convention votes, which would mean they
could only have three delegates to cast the four
votes which the county would be entitled to."

In 1925, the 39th Legislature reenacted both of these
laws as a part of the general recodification of Texas civil

Honorable Wm. J. Lawson, Att'n: Mr. Claude Isbell, Page 3

statutes. Both now appear in Chapter 13, of Title 50, of the Revised Civil Statutes of 1925. In order to give effect to the legislative intent, we must construe the two statutes together, and give effect to both, if possible. This can be done, for Article 3134 prescribes the number of <u>delegates</u> to each state or district convention which the county in question is entitled to, and Article 3141 provides the number of <u>votes</u> to which each county is entitled in each state or district convention. Thus the number of delegates to which a county is entitled can, and usually will, differ from the number of votes to which such county is entitled.

Therefore, it is our opinion that in the case cited by you, the county would be entitled to send three delegates to the state or district convention, and the delegates present in the convention, whether three or less, would be entitled to cast their county's four votes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
Assistant

WRA:GO

1942

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN